24-2565
*DRNY v. N.Y. State Dep't of Corrs.*
*& Cmty. Supervision*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty-six.

PRESENT:

> REENA RAGGI,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> *Circuit Judges*.

_____

DISABILITY RIGHTS NEW YORK,

> *Plaintiff – Appellant*,

> v.                                                                     No. 24-2565

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, DANIEL F.
MARTUSCELLO, in his official capacity as the
Commissioner of the New York State
Department of Corrections and Community

Supervision,

*Defendants – Appellees.*[*]

_____

FOR PLAINTIFF-APPELLANT:   CHRISTINA ASBEE (Jonathan Greenwald, Brandy L.L. Tomlinson, *on the brief*), Disability Rights New York, Albany, NY.

FOR DEFENDANTS-APPELLEES:  FREDERICK A. BRODIE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Suddaby, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on August 28, 2024, is **AFFIRMED**.

Disability Rights New York ("DRNY") is the statewide Protection and Advocacy ("P&A") agency designated by the Governor of New York to protect

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the Clerk of Court is directed to amend the caption as reflected above.

and advocate for people with disabilities. In 2020, DRNY sued the New York State Department of Corrections and Community Supervision ("DOCCS"), along with its Acting Commissioner at the time, Anthony J. Annucci, to enforce its rights under various federal laws that authorized DRNY, as New York's P&A agency, to access the records of two individuals who were or had been in state custody. After the conclusion of that litigation, which ended with a grant of summary judgment to DOCCS, DRNY sought an award of attorney's fees. Based on its partial victory on a preliminary injunction motion, the district court awarded DRNY attorney's fees in an amount far less than DRNY had requested. DRNY appeals that ruling. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

The procedural history here is important. In March 2020, pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. § 15041 *et seq.*, a DRNY representative visited DOCCS' Five Points Correctional Facility, where Individual A was in custody, to review Individual A's records and tab the ones it wanted copied. DOCCS did not send copies until more than four months later, and, invoking state privacy laws, it withheld 83 pages and

3

redacted others. In October 2020, in response to DRNY's demand for complete and unredacted records regarding Individual A, DOCCS invited DRNY to return to the facility and (again) identify the outstanding records it sought.

In the meantime, in a separate February 2020 request pursuant to the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 *et seq.*, DRNY sought the records from DOCCS' Great Meadow Correctional Facility regarding Individual B, who had died in custody the prior month. DOCCS declined to allow DRNY access pending completion of an investigation by a state commission.

In December 2020, DRNY filed suit seeking, among other things, an order requiring DOCCS to disclose both sets of outstanding records. In February 2021, DOCCS provided unredacted copies of most, but not all, of the remaining documents relating to Individual A.

In July 2021, the district court granted DRNY a preliminary injunction ordering DOCCS to provide access to any requested records for Individual B in its possession. As to Individual A, the court denied DRNY's preliminary injunction request. It reasoned that DRNY was likely to succeed on the merits of its DD Act

4

claim but had not shown irreparable harm because nothing prevented DRNY from itself physically inspecting and copying the requested records.

Pursuant to the preliminary injunction, DOCCS provided DRNY the records it requested regarding Individual B. DRNY interlocutorily appealed the district court's denial of a preliminary injunction as to Individual A, arguing that the district court's ruling was based on a mistaken view that the DD Act requires a P&A agency to physically inspect records before it is entitled to copies.

While that appeal was pending, New York enacted (and then amended) a law requiring state facilities to provide copies of records to a P&A agency like DRNY free of charge upon written request. 2021 N.Y. Sess. Laws ch. 755; 2022 N.Y. Sess. Laws ch. 28. Several months later, DOCCS produced the remaining outstanding records of Individual A.

This Court accordingly dismissed DRNY's appeal as moot because DOCCS had produced all requested records and the New York law would govern record requests going forward, which effectively assured compliance with the parameters DRNY advocated. *Disability Rights New York v. N.Y. State Department of Corrections and Community Supervision*, No. 21-2040, 2022 WL 10218514, at *2 (2d Cir. Oct. 18, 2022) (summary order). In January 2024, the district court likewise denied DRNY's

motion for summary judgment and granted summary judgment to DOCCS for similar reasons.

Subsequently, the district court granted DRNY's motion for attorney's fees, expenses, and costs, but only for that portion of its fees relating to the preliminary injunction regarding Individual B, on which it prevailed. In its fee calculation, the district court assigned a lower hourly rate for DRNY attorneys than DRNY had requested.

DRNY appeals that fee order, challenging the district court's prevailing-party analysis, its limitation of fees to services performed before the court's preliminary injunction ruling, and its decision to benchmark DRNY's attorneys' hourly fees to the prevailing rates at the time of the preliminary injunction litigation.[1]

In a suit under 42 U.S.C. § 1983, a district court has discretion to award "a reasonable attorney's fee" to "the prevailing party." 42 U.S.C. § 1988(b). We review a district court's decision on an application for attorney's fees, expenses, and costs deferentially. *Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019). Whether a plaintiff is a prevailing party is a question of law that we review without

---

[1] DOCCS has not challenged the district court's award of fees to DRNY by cross-appeal.

deference. *Perez v. Westchester County Department of Corrections*, 587 F.3d 143, 149 (2d Cir. 2009).

A plaintiff prevails for purposes of § 1988(b) "when a court grants enduring judicial relief that constitutes a material alteration of the legal relationship of the parties." *Lackey v. Stinnie*, 604 U.S. 192, 202 (2025).[2] That change in relationship "must be judicially sanctioned," as must its "enduring nature." *Id.* at 203.

We first reject DRNY's contention that it was the prevailing party as to Individual A's records even though the district court never awarded DRNY any relief with respect to Individual A and ultimately awarded DOCCS summary judgment on DRNY's claims. Contrary to DRNY's view, the district court's assessment of the parties' legal positions in its denial of DRNY's request for a preliminary injunction did not provide DRNY with enduring judicial relief—or any relief at all—with respect to Individual A. The court's discussion was merely "a favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff," which isn't enough to make DRNY a prevailing party. *Hewitt v. Helms*, 482 U.S. 755, 763 (1987).

---

[2] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

Nor are we persuaded that DRNY prevailed because DOCCS ultimately produced the records DRNY sought and abandoned its position that state privacy laws allowed it to withhold or redact records. This "voluntary change in conduct" lacks the "judicial *imprimatur*" required by Supreme Court precedent, even though the plaintiff achieved its goal in bringing the lawsuit. *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 605 (2001).

Finally, while DRNY's claims as to the two individuals were related, they involved different requests to different facilities for records about different individuals under different statutes. And DOCCS failed or declined to produce the respective records for different reasons. This is not a case where it is too "difficult to divide the hours expended on a claim-by-claim basis." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

We thus conclude that DRNY was not the prevailing party as to its claims regarding Individual A's records, and the district court properly limited its award to the fees, expenses, and costs incurred in obtaining the preliminary injunction as to Individual B's records. *See Preservation Coalition of Erie County v. Federal Transit Administration*, 356 F.3d 444, 446, 456 (2d Cir. 2004) (limiting award to fees incurred

8

in obtaining court-ordered supplemental environmental impact statement because plaintiff was not otherwise the prevailing party).

Moreover, for the same reasons, the district court acted within its discretion in declining to award fees for work performed *after* the preliminary injunction order that provided DRNY the relief it sought as to Individual B's records. *See id.* (no recovery for work postdating the court's order). And the court did not exceed its discretion in reducing DRNY's fee award to reflect its limited "degree of success." *Hensley*, 461 U.S. at 436; *see id.* ("If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.").

Finally, on this record, the court did not exceed its discretion in setting the respective fees for DRNY's attorneys based on the prevailing rates in the Northern District of New York at the time of the preliminary injunction rather than at the time of the fee petition. "[A]n enhancement for delay in payment is, where appropriate, part of a reasonable attorney's fee." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 282 (1989). In a case that encompassed three trials and representation

over a period of eight years before a final judgment, we explained that "in order to provide adequate compensation where the services were performed many years before the award is made, the rates used by the court to calculate the lodestar should be current rather than historic hourly rates." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). Here, in the particular circumstances of this litigation, the two-and-a-half-year delay between the legal services for which the court awarded legal fees and the ultimate fee award is not so substantial as to compel the court to assign hourly rates to counsel based on prevailing rates at the time of the fee award.

* * *

For the reasons above, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10